IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-193-FDW-DCK

| | |
|---|---|
| PAMELA PASCOE and<br>MARGARET TAMBLING,<br><br>    Plaintiff,<br><br>v.<br><br>FURNITURE BRANDS INTERNATIONAL,<br>INC., HDM FURNITURE INDUSTRIES,<br>INC., and LARS SPICER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Strike Plaintiffs' Expert Designations And Reports" (Document No. 12) filed November 12, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate.

At the parties' request, the undersigned held a telephone conference regarding the pending motion and the status of the case on November 18, 2010. Although Plaintiffs have not yet had the opportunity to file a brief in response to the pending motion, the Court finds that immediate disposition is in the best interests of judicial economy and efficient management of the case schedule. Having carefully considered the motion, the record, applicable authority, and the arguments of counsel, the undersigned will deny the motion.

Plaintiffs Pamela Pascoe ("Pascoe") and Margaret Tambling ("Tambling")(together "Plaintiffs") filed a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, on or about March 19, 2010. (Document No. 1-1). The Complaint asserts claims against Furniture Brand International, Inc. ("FBI"), HDM Furniture Industries, Inc. ("HDM"), and Lars Spicer

("Spicer")(together "Defendants") including: assault, intentional infliction of emotional distress ("IIED"), ratification, negligent supervision and retention, and Title VII discrimination. Id. Defendants filed a "Joint Notice Of Removal Of Civil Action" (Document No. 1) to this Court on April 22, 2010. On June 15, 2010, the Honorable Frank D. Whitney issued a "Case Management Order" (Document No. 9) which, *inter alia*, set certain case deadlines. Those deadlines included Plaintiffs' Expert Reports - October 11, 2010, and Defendants' Expert Reports - November 8, 2010. (Document No. 9).

On October 8, 2010, three days before their expert report deadline, Plaintiffs filed a "Motion For Extension Of Time To File Plaintiffs' Expert Reports" (Document No. 10) requesting a thirty (30) day extension and alleging that "additional time is necessary because of the professional time commitments of plaintiffs' expert." The undersigned granted the motion for extension, with modification on October 12, 2010. The "Order" (Document No. 11) set Plaintiffs' new expert report deadline as November 1, 2010, and set Defendants' new expert report deadline as November 29, 2010. That Order also provided that "[f]urther extensions in this matter are unlikely to be granted barring extraordinary circumstances." (Document No. 11).

Purportedly, on October 29, 2010, Plaintiffs timely identified Dr. Faye Sultan as a proposed expert witness and produced a "Preliminary Psychological Evaluation Report" from Dr. Sultan. (Document No. 12, p.4). On November 12, 2010, Defendants filed their "...Motion To Strike Plaintiffs' Expert Designations And Reports" (Document No. 12). In short, Defendants contend that Plaintiffs' expert report is incomplete and fails "to satisfy the most fundamental requirements of Rule 26(a)(2)." (Document No. 12).

The undersigned has been informed by Plaintiffs' counsel that as recently as yesterday morning, supplementation to the report had been made in an effort to comply with Rule 26(a)(2).

It is unclear to the undersigned why Plaintiffs' expert report is captioned as "preliminary," supplementation has been ongoing, and the report's contents suggest that it is incomplete or "subject to change," after Plaintiffs were granted a twenty (20) day extension to file their report. Nevertheless, the Federal Rules of Civil Procedure do allow for supplementation of Rule 26(a) disclosures as follows:

> **(e) Supplementing Disclosures and Responses.**
>
> > **(1) In General.** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> >
> > > **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> > >
> > > **(B)** as ordered by the court.
> >
> > **(2) Expert Witness.** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. 26(e).

Although supplementation is allowed by the Rules, this Court and other district courts have noted that "supplementation allows a party to correct inadvertent mistakes or omissions in an expert report, it 'is not a license to amend an expert report to avoid summary judgment.'" Snoznik v. Jeld-Wen, Inc., 1:09cv42-MR, 2010 WL 1924483 at *8 (W.D.N.C. May 12, 2010)(quoting Gallagher v. S.Source Packaging, LLC, 568 F.Supp.2d 624, 631 (E.D.N.C. 2008)). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there

would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify reports previously given." Id. (quoting Beller ex rel. Beller v. United States, 221 F.R.D. 696, 701 (D.N.M.2003)). "Fed.R.Civ.P. 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." Coles v. Perry, 217 F.R.D. 1, 3 (D.D.C. 2003).

> Courts distinguish "true supplementation" (e.g., correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by "supplementing" an expert report with a "new and improved" expert report. . . . Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C.2002) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc [on] docket control and amount to unlimited expert opinion preparation.").

Gallagher, 568 F.Supp.2d at 631.

Based on the foregoing caselaw, the undersigned will deny the pending motion to strike Plaintiffs' expert report, without prejudice to re-filing such a motion should Plaintiffs supplement their expert report in a manner that exceeds the supplementation allowed by Rule 26(e) and other relevant authority.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Strike Plaintiffs' Expert Designations And Reports" (Document No. 12) is **DENIED WITHOUT PREJUDICE**.

Signed: November 19, 2010

David C. Keesler
United States Magistrate Judge