**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.  3:10-CV-193-FDW-DCK**

| | |
|---|---|
| **PAMELA PASCOE and** ) | |
| **MARGARET TAMBLING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **FURNITURE BRANDS INTERNATIONAL,** ) | |
| **INC., HDM FURNITURE INDUSTRIES,** ) | |
| **INC., and LARS SPICER,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

   **THIS MATTER IS BEFORE THE COURT** on "Defendants' Renewed Motion To Strike

Plaintiffs' Expert Designations And Reports" (Document No. 20).  This matter has been referred to

the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is

appropriate.  Having carefully considered the motion, the record, and applicable authority, the

undersigned will deny the motion.

## BACKGROUND

   Plaintiffs Pamela Pascoe ("Pascoe") and Margaret Tambling ("Tambling")(together

"Plaintiffs") filed a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, on

or about March 19, 2010.  (Document No. 1-1).  The Complaint asserts claims against Furniture

Brand International, Inc. ("FBI"), HDM Furniture Industries, Inc. ("HDM"), and Lars Spicer

("Spicer")(together "Defendants") including: assault, intentional infliction of emotional distress

("IIED"), ratification, negligent supervision and retention, and Title VII discrimination.  Id.

Defendants filed a "Joint Notice Of Removal Of Civil Action" (Document No. 1) to this Court on

April 22, 2010.  On June 15, 2010, the Honorable Frank D. Whitney issued a "Case Management

Order" (Document No. 9) which, *inter alia*, set certain case deadlines. Those deadlines included Plaintiffs' Expert Reports - October 11, 2010; Defendants' Expert Reports - November 8, 2010; Discovery Completion - December 6, 2010. (Document No. 9),

On October 8, 2010, three days before their expert report deadline, Plaintiffs filed a "Motion For Extension Of Time To File Plaintiffs' Expert Reports" (Document No. 10) requesting a thirty (30) day extension and alleging that "additional time is necessary because of the professional time commitments of plaintiffs' expert." The undersigned granted the motion for extension, with modification on October 12, 2010. The "Order" (Document No. 11) set Plaintiffs' new expert report deadline as November 1, 2010; set Defendants' new expert report deadline as November 29, 2010; and set the discovery completion deadline for December 20, 2010. That Order also provided that "[f]urther extensions in this matter are unlikely to be granted barring extraordinary circumstances." (Document No. 11).

On October 29, 2010, Plaintiffs identified Dr. Faye Sultan as a proposed expert witness and produced a "Preliminary Psychological Evaluation Report" from Dr. Sultan. (Document No. 12, p.4). On November 12, 2010, Defendants filed their "...Motion To Strike Plaintiffs' Expert Designations And Reports" (Document No. 12). Defendants' first motion to strike was denied by the undersigned on November 19, 2010, without prejudice to re-file the motion "should Plaintiffs supplement their expert report in a manner that exceeds the supplementation allowed by Rule 26(e) and other relevant authority." (Document No. 16).

Now pending before the Court is "Defendants' Renewed Motion To Strike Plaintiffs' Expert Designations And Reports" (Document No. 20) and its "Brief In Support..." (Document No. 21) filed on January 7, 2011; Plaintiffs' Memorandum In Response To Defendants' Renewed Motion To Strike Expert Reports" (Document No. 31) filed January 24, 2011; and Defendants' "Reply Brief

2

In Support Of Defendants' Renewed Motion..." (Document No. 39) filed February 3, 2011. The renewed motion to strike is now ripe for disposition.

## DISCUSSION

"Defendants' Renewed Motion To Strike..." moves "this Court for an Order striking the Plaintiffs' expert designations and reports and excluding the proposed expert testimony from evidence." (Document No. 20, p.1). "In the alternative, Defendants move for an Order striking the Plaintiffs' December 2010 supplements to the expert reports because these 'supplementations' were not permitted by the Federal Rules of Civil Procedure nor the applicable law." (Document No. 20, p.2).

As noted above, the Court previously issued an "Order" denying Defendants' motion to strike Plaintiffs' expert designations and reports. (Document No. 16). That Order denied the original motion "without prejudice to re-filing such motion **should Plaintiffs supplement their expert report in a manner that exceeds the supplementation allowed** by Rule 26(e) and other relevant authority." (Document No. 16, p.4)(emphasis added). It is the undersigned's view that the Court has already declined to strike Plaintiffs' expert designations and reports and to exclude their expert's testimony, and that Defendants have failed in their renewed motion to show good cause for reversing the Court's previous decision. Consistent with the Court's last Order (Document No. 16), the undersigned will only consider Defendants' alternative argument that Plaintiffs have improperly supplemented their expert reports, and that those December 2010 supplementations therefore should be stricken.

Underlying the disputed supplementation are witness interviews conducted by Plaintiffs' expert, Dr. Faye E. Sultan ("Sultan"), on or about December 11-13, 2010, of Paul Isbel, Scott Edwards, Wes Stringfield, Tripp Stringfield, Todd Tambling and Pamela Pascoe. (Document No.

20, p.10).  Purportedly, Sultan's interview notes of these witnesses were provided to Defendants' counsel at noon on December 14, the day before Sultan's scheduled deposition at 10:00 a.m. on December 15.  Id.  Sultan's deposition could not be completed during the allotted time on December 15, and the parties agreed to reconvene on December 20, 2010, the last day of the discovery period. Id. at p.11.  Defendants contend that further supplementation efforts were attempted between December 15 - 20, 2010.  Id.  On December 20, 2010, just prior to the reconvening of her deposition, Sultan handed counsel for Defendants "new" expert reports for Plaintiffs Tambling and Pascoe.  Id. at p.12.  Defendants identify the primary differences between Sultan's expert reports provided October 24, 2010, and those provided December 20, 2010, as being the addition of descriptions of several telephone interviews and the removal of the provisional and preliminary qualifiers.  Id. at pp.12-13.  Defendants contend that this attempt to supplement Sultan's original reports was improper and exceeds supplementation allowed by Rule 26(e) and other relevant authority.  Id. at p.14.

The Federal Rules of Civil Procedure allow for supplementation of Rule 26(a) disclosures as follows:

> **(e) Supplementing Disclosures and Responses.**
>
> **(1) In General.** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> > **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > **(B)** as ordered by the court.

> **(2) Expert Witness.** For an **expert** whose report must be
> disclosed under Rule 26(a)(2)(B), the party's **duty to supplement**
> extends both to information included in the report and to
> **information given during the expert's deposition**. Any
> additions or changes to this information must be disclosed by the
> time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. 26(e) (emphasis added).[1]

While Plaintiffs' supplementation appears to go beyond the "'true supplementation' (e.g. correcting inadvertent errors or omissions" identified by the <u>Gallagher</u> decision, the undersigned is not persuaded that it was a product of "gamesmanship" or "attempts to avert summary judgment." <u>Gallagher v. S. Source Packaging, LLC</u>, 568 F.Supp.2d 624, 631 (E.D.N.C. 2008); <u>see also</u>, (Document No. 16). Reviewing the original expert reports side-by-side with the "new" reports, the undersigned is simply not convinced that the supplementation, which mainly consists of a few paragraphs summarizing 3-4 telephone interviews conducted by Sultan, rises to an abuse of the discovery process that merits the sanction of exclusion. (Document Nos. 32-1, 32-1, 32-5, 32-6). Moreover, the undersigned cannot find the supplementation was untimely as it was tendered within the time allowed by Rule 26(e)(2), within the discovery period, and was not entirely unexpected. See <u>High Voltage Beverages, LLC v. Coca Cola Company</u>, 3:08cv367, 2010 WL 3788288 at *2 (W.D.N.C. Sept. 22, 2010).

Assuming, *arguendo*, that Plaintiffs' supplementation of their expert reports was improper, the Court would then apply five factors the Fourth Circuit considers when deciding whether to exclude evidence that a party has failed to properly disclose. <u>Hill Holiday Connors Cosmopulos, Inc. v. Greenfield</u>, 2010 WL 844772 at *2 (D.S.C. March 4, 2010) (citing <u>S. States Rack and</u>

---

[1] The undersigned notes that "pretrial disclosures must be made at least 30 days before trial." Fed.R.Civ.P. 26(a)(3)(B). This case is set for trial during the term beginning March 14, 2011. (Document No. 9).

Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir.2003)).  The factors a district

court should be guided by are:

> (1) the surprise to the party against whom the evidence would be
> offered;  (2) the ability of that party to cure the surprise;  (3) the
> extent to which allowing the evidence would disrupt the trial; (4) the
> importance of the evidence;  and (5) the nondisclosing party's
> explanation for its failure to disclose the evidence.

Id.

Here, as in Hill Holliday, there should be little surprise because the initial expert reports

clearly contemplated supplementation.  Furthermore, as Defendants note, they were given notice

prior to Sultan's deposition of the telephone interviews she had conducted, and the parties even

agreed to continue her deposition five days later to allow additional time to process this information.

The reconvening of the deposition thus supports the parties' ability to cure any surprise.  Addressing

the next factor, the undersigned does not find that allowing the supplementation will disrupt the trial.

The undersigned cannot fully ascertain the importance of the evidence in dispute, but finds that it

appears to be reasonably important.  If further analysis of the value or admissibility of evidence is

required, such a determination is better made by the presiding judge closer to trial.  Finally, although

the undersigned does not find adequate explanation for Plaintiffs' delay in providing the disputed

evidence, any prejudice to Defendants seems to be minimal, and in this instance is outweighed by

the Court's option to consider all the evidence presented by Plaintiffs.

> "The purpose of a 'detailed and complete' expert report as
> contemplated by Rule 26(a) ... [is to] prevent an ambush at trial."
> Thus, whether a late disclosure is prejudicial depends on whether the
> expert testimony was unexpected and left the other party without
> adequate opportunity to prepare for it.

Michelone v. Desmarais, 25 Fed.Appx. 155, 158 (4th Cir. 2002)(quoting Ortiz-Lopez v. Sociedad

Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001)).

**CONCLUSION**

Based on the foregoing, the undersigned will deny the pending renewed motion to strike Plaintiffs' expert report. Whether the supplementation here falls within Rule 26(e) and relevant authority is a close call; however, even *if* Plaintiffs' supplementations were improper, under the totality of circumstances, the exclusion of the additional information in the "new" expert reports is inappropriate in this case.

**IT IS, THEREFORE, ORDERED** that "Defendants' Renewed Motion To Strike Plaintiffs' Expert Designations And Reports" (Document No. 20) is **DENIED**.

Signed: February 4, 2011

David C. Keesler
United States Magistrate Judge